# LEVINE & ASSOCIATES, P.C.
## ATTORNEYS-AT-LAW

15 Barclay Road
Scarsdale, New York 10583-2707
e-mail: ml@LevLaw.org
Fax (914) 725-4778
Telephone (914) 600-4288

July 28, 2021

<u>VIA ECF AND EMAIL</u>

Hon. Robert D. Drain
U.S. Bankruptcy Court
300 Quarropas Street
White Plains, NY 10601-4140

<u>RE: *Aaron Gewirtzman, et. ano. V. Chofetz Chaim Inc.* (Adv. Pro. 21-7028)</u>

Dear Judge Drain:

The undersigned is counsel to Defendant Chofetz Chaim Inc. ("CCI") in the above-referenced adversary proceeding. This letter is to advise the Court as to the status of this matter in advance of the preliminary conference scheduled for this morning. This action was commenced in the Supreme Court of the State of New York, Rockland County under Index No. 032789/2021 on May 20, 2021 via the filing of a summons with notice.[1] A copy of the summons with notice is enclosed and labeled Exhibit "1".[2] At the time of the filing, a proposed *ex parte* Order to Show Cause was filed and assigned to Judge Berliner. However, at the time of the filing, Gregory Bitterman, Esq., counsel of record for the Plaintiffs, field the materials as "sensitive," such that public access to the same was restricted. Although we could not access the same at the time (we found out about the commencement of the action fortuitously through a calendar watch service that we had retained just for the purpose of attempting to avoid clandestine filings by Rabbi Mayer Zaks), we ultimately learned that the proposed Order to Show Cause sought an *ex parte* temporary restraining order preventing CCI, Congregation Radin Development Inc. (the owner of the property located at 1-50 Kiryas Radin Drive, which it acquired by purchase form the Debtor in the underlying bankruptcy case before this Court) and others from, *inter alia*, "[i]nterfering with Grand Rabbi Mayer Zaks performing services ... at the Property and Synagogue" ...and "[r]efusing access to congregants and students who use the Property." On May 21, 2021, we removed the matter to the District Court which thereafter referred the same to this Court.

On June 13, 2021, I served a formal Demand for Company on Mr. Bitterman. A copy of the same is enclosed and labeled Exhibit "2". That was sent to Mr. Bitterman as an attachment to my e-

---

[1] Rule New York's CPLR Rule 3012 permits a summons with notice to be serviced without a complaint, however provides that, within twenty days of receiving a written demand for complaint, a formal complaint must be served.

[2] Although, for some inexplicable reason, Sterling National Bank was named as a defendant, no relief is sought against that entity in the "notice" portion of the summons.

**LEVINE & ASSOCIATES, P.C.**
**ATTORNEYS-AT-LAW**

Hon. Robert D. Drain
Page 2

July 28, 2021

mail of the same date. A copy of that e-mail (and my follow-up email of June 15, 21021) is enclosed and labeled Exhibit "3". In that email, I stated:

> Mr. Bitterman:
>
> As you are aware, the undersigned is counsel to Chofetz Chaim Inc. ("CCI") in the above-referenced Adversary Proceeding (the "Adversary Proceeding"). As you are also aware, the Adversary Proceeding is an action that was removed from the state court on May 21, 2021. The state court action was commenced via the filing of a summons with notice. Since this in now in federal court, the pleading that is required (pursuant to Rule 8 of the Fed. R. Civ. P.) is a complaint. That complaint should have been, but was not, filed within a reasonable time after the removal. Attached is a formal demand for the complaint. Please have the complaint filed promptly.
>
> Additionally, as you also likely know, a preliminary conference has been scheduled in this case for July 28, 2021 at 10:00 am. Pursuant to Rule 26(f) of the Fed. R. Civ. P., counsel are required to confer as soon as practicable — and in any event at least 21 days before the conference is to be held to (i) consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; (ii) make or arrange for the disclosures required by Rule 26(a)(1); (iii) discuss any issues about preserving discoverable information; and (iv) develop a proposed discovery plan. That means that we are required to confer by, at the latest, July 8, 2021. I would prefer to do that sooner rather than later so that we can each timely serve our Rule 26(a)(1) initial disclosures. At the moment, I am available for that conference (either by way of telephone conference call or Zoom video meeting) any time on June 16, 17 and 18, the afternoon of June 24 and 25, any time on June 28 or 30, and any time on July 1 and 6. As my calendar fills up extremely quickly, please get back to me as to your availability as promptly as possible. I have copied Tracy Klestadt, Esq. (counsel for Congregation Radin Development Inc.) and Kevin Nash, Esq. (counsel for Rabbi Aryeh Zaks) so that they can weigh in on their availability as well.

I received no response to that or my follow-up email of June 15th, nor did Mr. Bitterman contact me for the purpose of a Rule 26 conference, nor did I received any formal complaint as required by CPLR Rule 3012 and Fed. R Civ. P. Rule 8. However, after I received a call from Ms. Li yesterday afternoon advising me that Mr. Bitterman had not appeared in this adversary proceeding, I called him and he advised me that he was "told" by his clients that he would not be representing the Plaintiffs in the removed action, and believed that Robert Spolzino, Esq. (of Abrams, Fensterman) was going to be representing the Plaintiffs. I then called Mr. Spolzino's office and

**LEVINE & ASSOCIATES, P.C.**
**ATTORNEYS-AT-LAW**

Hon. Robert D. Drain
Page 3                                                                                                July 28, 2021

was told that they were not sure as to this situation, but that Mr. Spolzino would call me back shortly. I have not heard from him or his office as of this morning.

Thank you for your attention.

Respectfully,

MICHAEL LEVINE

Encs.